**ORIGINAL**

# In The United States Court of Federal Claims

No. 14-1190 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: December 12, 2014)

**FILED**

DEC 12 2014

U.S. COURT OF
FEDERAL CLAIMS

BRYAN O. CRANE,

      Plaintiff,

v.

THE UNITED STATES,

      Defendant.

### OPINION and ORDER

On December 10, 2014, plaintiff, Bryan O. Crane, filed a complaint asserting that the Federal Employees' Compensation Act (FECA), and the administration thereof by the United States Department of Labor, violated plaintiff's rights to due process and equal protection under the United States Constitution. In his complaint, plaintiff asserted that the government personnel assigned to administer FECA are "lawless, corrupt, arrogant, and abusive." In addition, plaintiff asserted that the Department of Labor's Office of Inspector General has failed to pursue criminal activity and serious misconduct on the part of Department of Labor personnel, in particular subjecting plaintiff to "extreme physical, financial, and mental abuse." Plaintiff contends that he is entitled to various damages, including mental, physical and emotional damages in the amount of $100 million.

This court is solemnly obliged to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, the court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491(a)(1). This court lacks jurisdiction over claims predicated upon the Fourth Amendment, the Fifth Amendment's Due Process Clause, as well as the Fourteenth Amendment. *See Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995); *Roberson v. United States*, 115 Fed. Cl. 234, 240 (2014); *Hanford v. United States*, 63 Fed. Cl. 111, 119 (2004); *aff'd*, 154 F. App'x 216 (Fed. Cir. 2005), *cert. denied*, 549 U.S. 1341 (2007). Nor does this court have jurisdiction over claims predicated upon the Equal Protection clause of the Fifth and Fourteenth Amendments. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Scrase v. United States*, 118 Fed. Cl. 357, 361-62 (2014); *Jiron v. United States*, 118 Fed. Cl. 190, 199 (2014). Finally, to the extent that plaintiff's claims sound in tort, this court also lacks jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *Jiron*, 118 Fed. Cl. at 200; *Zhao v. United States*, 91 Fed. Cl. 95, 99-100 (2010).

Having reviewed the remainder of plaintiff's complaint, the court does not believe that it has jurisdiction over the remainder of plaintiff's claims. Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge